```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  IRA TROCKI, trading as JACK
  TROCKI DEVELOPMENT, LLC,              Civ. No. 1:19-cv-13638-NLH-MJS

          Plaintiff,                    **OPINION**

      v.

  PENN NATIONAL MUTUAL CASUALTY
  INSURANCE COMPANY, INC.,

          Defendant.

**APPEARANCES:**

DAVID CASTALDI
LOUIS M. BARBONE
JACOBS & BARBONE, P.A.
1125 PACIFIC AVENUE
ATLANTIC CITY, NJ 08401

    *Counsel for Plaintiff*

SAMUEL EDWARD PAUL
STRADLEY RONON STEVENS & YOUNG LLP
2005 MARKET STREET, SUITE 2600
PHILADELPHIA, PA 19103

WILLIAM THOMAS MANDIA
STRADLEY RONON STEVENS & YOUNG LLP
LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 100
CHERRY HILL, NJ 08002

    *Counsel for Defendant*

**HILLMAN**, **District Judge**

1

Before the Court is Defendant's Motion for Reconsideration of a Clerk's Order Denying Motion for Taxation of Costs. (ECF 51). For the reasons set out below, this Motion will be denied.

## I.  BACKGROUND

On February 14, 2023, this Court issued an Opinion and Order granting Defendant Penn National Mutual Casualty Insurance Company, Inc.'s Motion for Summary Judgment. (ECF 43, 44). Thirty days later, on March 16, 2022, Plaintiff filed a Notice of Appeal. (ECF 45). On September 13, 2023, the Third Circuit affirmed this Court's ruling, ordering "that the order of the District Court entered on February 14, 2022, is hereby AFFIRMED. Costs shall be taxed against Appellant." (ECF 47). The mandate was filed on October 5, 2023. (ECF 48).

On October 9, 2023, approximately thirty-four weeks after this Court's Order on Summary Judgment, but only twenty-six days after the Third Circuit's Judgment, Defendant filed a Motion for Taxation of Costs. (ECF 49). On December 19, 2023, the Clerk of Court issued an Order denying the Motion for Taxation of Costs as untimely pursuant to Local Rule 54.1(a). (ECF 50).

On December 26, 2023, Defendant filed a Motion for Reconsideration.[1] (ECF 51). On December 27, 2023, Plaintiff filed a Response. (ECF 52).

---

[1] Although Defendant had titled its motion one for Reconsideration, Defendant is not asking the Clerk to reconsider

## II. LEGAL STANDARD

While the Clerk of Court is charged with taxing costs under Rule 54, this determination may be reviewed by the District Court. Fed.R.Civ.P. 54(d)(1); Reger v. The Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010). "A district court's review of the clerk's determination of costs is *de novo*." Id. Consistent with this standard, so long as the Court explains its reasoning, on an appeal challenging the imposition of costs the Court, in its discretion, may uphold, reduce, or deny a Clerk's Order granting costs pursuant to Rule 54. See Reger v. The Nemours Foundation, Inc., 599 F.3d 285, 288 (3d Cir. 2010) ("[I]f a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so."); In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 458 (3d Cir.2000) ("Given the district court's discretionary equitable power to award costs under Rule 54(d)(1), taxation of costs is reviewed only for abuse of discretion."); Bowdren v. Abbott Bamboo, Inc., 2011 WL 4983473, 1 (D.N.J.2011) (explaining that "'[b]y its terms, the rule

---

its Order, but rather is appealing the issue to the District Court. Accordingly, this Court construes Defendant's Motion as an appeal and applies the appropriate legal standard. The applicable Rule provides that a dissatisfied party may appeal the Clerk's order on costs to the Court upon written notice of motion served within seven days of the Clerk's action. L. Civ. R. 54.1(h). Defendant's December 26, 2023 appeal, filed seven days after the Clerk's Order on December 19, 2023 is timely.

creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs'" (quoting Ass'n of Mexican American Educators v. California, 231 F.3d 572, 591 (9th Cir.2000)).

### III. DISCUSSION

Defendant asserts that its Motion for Taxation of Costs was timely filed, and that the Clerk erred in denying the Motion. (ECF 51 at 8). In the alternative, Defendant asks this Court to waive non-compliance with Local Rule 54.1(a) in the interest of justice. (Id. at ¶¶ 10-11). Plaintiff responds that there is no basis for appeal, as "the Clerk properly denied Defendant's application for costs as untimely." (ECF 52 at 6).

Local Rule 54.1 states, in relevant part, as follows:

> (a) Within 30 days after the entry of a judgment allowing costs, or within 30 days of the filing of an order dispositive of the last of any timely-filed post-trial motions, whether or not an appeal has been filed, the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements, together with a notice of motion when application will be made to the Clerk to tax the same.

Local Rule 54.1(a). Importantly, pursuant to Local Rule 54.1(e), "[u]pon failure of the prevailing party to comply with this Rule, all costs shall be waived."

The Local Rule also provides for appeal of an Order on a Motion for Taxation of Costs:

4

> (h) A dissatisfied party may appeal to the Court upon written notice of motion served within seven days of the Clerk's action, as provided in Fed.R.Civ.P. 54(d).

Local Rule 54.1(h). Accordingly, this Court has the authority to review the Clerk's Order.

The Clerk's Order noted this Court granted summary judgment on February 14, 2023 and that the Order on summary judgment did not extend the deadline for filing a motion for costs. (ECF 50 at 1). Accordingly, the Clerk concluded that Local Rule 54.1 required Defendant "to file its motion for costs no later than March 15, 2023, which was thirty (30) days after this Court entered summary judgment in its favor." (Id. at 3). The Clerk noted Plaintiff's appeal from the grant of summary judgment but explained that "Local Civil Rule 54.1(a) 'expressly provides that the filing of a notice of appeal does not toll the time for filing a petition for costs.'" (Id. at 2).

In its Motion, Defendant avers that the thirty days for filing a Motion for Costs commenced when the Third Circuit issued its Judgment. In support of this position, Defendant points to Local Rule 79.4, which states in relevant part, "[i]n the event that the mandate or judgment provides for costs or directs a disposition other than an affirmance, the prevailing party shall submit an order implementing the mandate or judgment." Defendant also advises that Local Rule 79.4 was

5

referenced on the docket after the Third Circuit Judgment was docketed: "Pursuant to Local Rule 79.4, notice is hereby given of the Appellate ruling filed on 9/13/2023.  In the event that the mandate or judgment provides for costs or directs a disposition other than an affirmance, the prevailing party shall prepare and submit an order implementing the mandate or judgment. (js) (Entered: 09/13/2023)."

As the Clerk noted, a prevailing party is required to file its Motion for Taxation of Costs within thirty days of the judgment allowing costs.  Local Rule 54.1(a).  Accordingly, as the Rule contemplates, a prevailing party must file a timely Motion for Taxation of Costs to the District Court Clerk before an appeal of the final judgment or other dispositive order is resolved by the Third Circuit.  Ricoh Corp. v. Pitney Bowes Inc., No. 02-5639, 2007 WL 1852553, at *1 (D.N.J. June 26, 2007) (holding that a Motion for Taxation of Costs filed before resolution of appeal was not premature).

It is true, that in some circumstances, Courts have deemed it prudent to delay the filing of or resolution of a Motion for Taxation of Costs until the resolution of an appeal.  See, e.g., Dzielak v. Whirlpool Corp., No. 12-00089, 2021 WL 4059503, at *1 (D.N.J. Jan. 6, 2021) (administratively terminating a Motion for Taxation of Costs and ordering that "[a]ny motion for costs must be filed within 30 days after issuance of a mandate by the Court

6

of Appeals or the appeal is otherwise dismissed or resolved."); Prometheus Lab'ys, Inc. v. Roxane Lab'ys, Inc., No. 11-1241, 2016 WL 1559144, at *2 (D.N.J. Apr. 18, 2016) (issuing a final judgment order that "extended the deadline for the filing of motions for costs until 30 days after the final disposition of Plaintiff's appeal to the Court of Appeals for the Federal Circuit.").

However, in these cases, the delay is explicitly prescribed and sanctioned by court order. The clear distinction that the Clerk pointed to here between this case and the cases where the Motion for Taxation of Costs was filed after resolution of the appeal is that in those cases the Court had clearly ordered that such motion be filed after resolution of the appeal. Allowing dispensation from the timing requirements of a rule in advance is not the same procedurally as ignoring its filing requirements in the first instance.

Here, this Court's Order on Summary Judgment was silent as to the issue of a timely filing of a motion to the Clerk to recover costs. Because this Court's Order was silent, and Local Rule 54.1 specifically states that the prevailing party has thirty days to file "whether or not an appeal have been filed," Defendant had thirty days from the Summary Judgment Order to file its Motion for Taxation of Costs. The fact that the Court's Order did not state that Defendant was entitled to

7

costs, nor did it instruct Defendant to file a motion for taxation of costs, does not alter the nature of the Court's Order on Summary Judgment. The Summary Judgment Order was the Order that formed the predicate for any application for costs.

Defendant posits that the Third Circuit Judgment was the first judgment allowing costs. It is true that the Third Circuit Judgment permitted costs, stating "Costs shall be taxed against Appellant." (ECF 47 at 1). However, the Third Circuit's Judgment permits Defendant to receive costs related to the appellate process, not related to the District Court case. Pursuant to Federal Rule of Appellate Procedure 39(a)(2), "if a judgment is affirmed, costs are taxed against the appellant." In addition, Federal Rule of Appellate Procedure 39(e) sets out an exhaustive list of which costs on appeal are taxable in the District Court:

> (e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> > (1) the preparation and transmission of the record;
> >
> > (2) the reporter's transcript, if needed to determine the appeal;
> >
> > (3) premiums paid for a bond or other security to preserve rights pending appeal; and

>                    (4) the fee for filing the notice of
>                    appeal.

Federal Rule of Appellate Procedure 39(e).

Defendant's Motion for Taxation of Costs does not seek costs for any of these enumerated expenses. Rather, the Motion for Taxation of Costs seeks costs related to depositions and service of subpoenas, proceedings in the District Court. (ECF 49-3). Moreover, the process for taxing costs of the proceedings before the appellate court has its own procedural requirements. See Federal Rule of Appellate Procedure 39(d). Thus, Defendant's assertion that the appellate Judgment commenced the timeline for Local Rule 54.1(a) is unavailing.

Defendant argues in the alternative that its non-compliance with the rule should be waived. Defendant points to Local Rule 83.2(b), which states that "[u]nless otherwise stated, any Rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice." Defendant explains that "[a]n award of costs is further warranted to avoid injustice here because of the careless and frivolous manner in which Plaintiff pursued this action and wasted the time of the Court and Penn National." (ECF 51 at 11). Defendant argues that Plaintiff was "careless and frivolous" in its pursuit of this action, basing its claims on an incorrect theory, and then trying to pivot its argument to a new meritless theory during summary judgment

9

briefing. (ECF at 11-12). Although this explanation of these proceedings demonstrates why Defendant prevailed and why costs may have been awarded upon a timely Motion in this Court and were awarded by the Court of Appeals in that court, Defendant's characterization of the case does not demonstrate that a failure to tax costs would "result in surprise or injustice" where Defendant was on notice of the local District Court rule setting out the deadline for filing.

This Court reiterates that Local Rule 54.1(e) states that "[u]pon failure of the prevailing party to comply with this Rule, all costs *shall* be waived." Id. (emphasis added). Waiver here is mandatory where the party does not comply with the rules. In addition, Local Rule 54.1(a) is clear that "the filing of a notice of appeal does not toll the time for filing a petition for costs." Accordingly, this Court concludes that the Clerk did not err as a matter of law, nor abuse her discretion, in denying Defendant's Motion for Taxation of Costs based upon Defendant's procedural default.

While this Court recognizes that it may, in its discretion, award costs in this matter despite the untimely nature of the motion, Defendant has failed to offer a meaningful basis to do so. This Court, reviewing the matter *de novo*, reaches the same result as the Clerk. A liberal standard of relaxing the Rule 54.1 deadline merely because the movant was the prevailing party

in the district court would undermine the purpose of the rule to effectuate prompt adjudication of costs and the resolution of remaining issues in a closed case without undue delay.

And since any movant seeking a late award of costs would by definition be a prevailing party, the exception Defendant seeks, without more, would be the exception that swallows the rule.  To the extent that Plaintiff prolonged the litigation by pursuing a meritless appeal, the Defendant was afforded a separate remedy by the Court of Appeals by that Court's separate award of appellate costs.  Simply put, nothing appears to have prevented Defendant from seeking the costs of litigation before this Court other than its own lack of timely compliance with our local District Court rules.  As nothing in the record supports a conclusion other than that reached by the Clerk denying District Court costs because of procedural default, that decision will be affirmed.

**IV.  CONCLUSION**

For the reasons set forth above, Defendant's Motion for Reconsideration (ECF 51), treated as an appeal of the Clerk's determination denying costs, will be denied.  An accompanying Order will issue.

Date: February 16, 2024          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.